**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **DIGITALSPEED COMMUNICATIONS, INC.,** | : | **Case No. 25-10500 (AMC)** |
| | : | |
| **Debtor.** | : | |
| | : | |

# ORDER OF PAYMENT PURSUANT TO 11 U.S.C. § 366

**AND NOW**, upon consideration of the motion (the "Motion")[1] of DigitalSpeed Communications, Inc. (the "Debtor") for entry of an order pursuant to 11 U.S.C. § 366 providing the Utility Companies with adequate assurance of payment, notice of the Motion being sufficient under the circumstances; and sufficient cause appearing therefor, it is hereby **ORDERED**, as follows**:**

1. The Motion is **GRANTED**.

2. The Debtor shall pay all post-petition utility charges in accordance with its pre-petition date practices on all utility services rendered by the Utility Companies to the Debtor.

3. Within twenty (20) business days after the date of entry of this Order, the Debtor is authorized, but not directed, to furnish the Utility Companies adequate assurance of payment for post-petition services by issuing a security deposit, equal to one-half month's peak utility consumption based upon the Debtor's consumption during the previous year (a "Utility Deposit"), to each Utility Company, for the purposes of providing each Utility Company with adequate assurance of payment of its post-petition date services to the Debtor.

4. A Utility Company who accepts a Utility Deposit shall be deemed to have stipulated that the Utility Deposit constitutes adequate assurance of payment to such Utility Company within

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them in the Motion.

the meaning of section 366 of the Bankruptcy Code and such Utility Company shall be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 case.

5. A Utility Company who is being prepaid for services or who currently holds a deposit equal to or in excess of the amount of the Utility Deposit shall be deemed to have stipulated that it has received adequate assurance of payment to such Utility Company within the meaning of Section 366 of the Bankruptcy Code and such Utility Company shall be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 case.

6. A Utility Company desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve a request (an "Additional Assurance Request") upon the Debtor's counsel at the following address: Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce St., Philadelphia, PA 19103, akaralis@karalislaw.com.

7. Any Additional Assurance Request must (a) be made in writing, (b) set forth the location for which utility services are provided, (c) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits and (d) explain why the Utility Company believes the Debtor's Utility Deposit is not sufficient adequate assurance of future payment.

8. Upon the Debtor's receipt of any Additional Assurance Request at the address set forth above in this Order, the Debtor shall have the greater of (a) twenty (20) days from the receipt of such Additional Assurance Request or (b) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment.

9. No Utility Company shall alter, suspend or discontinue service to the Debtor in the absence of an Order of the Court permitting it to discontinue service.

10. The Debtor may, in its discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court, and may, in connection with any such agreement, in its sole discretion, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

11. If the Debtor determines that an Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company filing such Additional Assurance Request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court on proper notice to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") as such term is used in section 366(c)(3) of the Bankruptcy Code.

12. Pending resolution of any such Determination Hearing and entry of a Court order, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing or discontinuing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Debtor's adequate assurance.

13. A Utility Company shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code unless and until the Debtor, in its sole discretion, agrees to an alternative assurance of payment with the Utility Company.

14. The Debtor is authorized, in its sole discretion, to amend the utility service list attached to the Motion as Exhibit "A" (the "Utility Service List") to add or delete any Utility Company, and this Order shall apply to any such Utility Provider that is subsequently added to the Utility Service List.

**BY THE COURT:**

Dated: _______

______________________________________
ASHELY M. CHAN,
CHIEF UNITED STATES BANKRUPTCY JUDGE