**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **DIGITALSPEED COMMUNICATIONS, INC.,** | : | **Case No. 25-10500 (AMC)** |
| | : | |
| **Debtor.** | : | |
| | : | |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO (A) MAINTAIN AND USE EXISTING BANK ACCOUNTS, (B) MAINTAIN EXISTING BUSINESS FORMS AND (C) GRANTING RELATED RELIEF**

DigitalSpeed Communications, Inc. (the "Debtor"), by and through its proposed counsel, Karalis PC, hereby requests the entry of an Order Authorizing the Debtor (a) to continue Maintain and Use Existing Bank Accounts, (b) Maintain existing Business Forms, and (c) Granting Related Relief (the "Motion"), and in support thereof, respectfully represents:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 345.

**BACKGROUND**

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. A description of the Debtor's business and the facts precipitating the filing of its

Chapter 11 proceeding is set forth in the Declaration of Adam H. Pasternack in Support of Chapter 11 Petition and First Day Motions filed contemporaneously herewith. Those facts, to the extent relevant, are incorporated herein by reference.

7. Prior to the Petition Date, the Debtor maintained two (2) bank accounts.

8. The Debtor is requesting relief authorizing it to maintain and use its existing bank accounts at Wells Fargo Bank, N.A. (the "Existing Bank") identified below (collectively, the "Bank Accounts"). The Bank Accounts are summarized as follows:

| BANK | ACCOUNT NO. | USE OF ACCOUNT |
|---|---|---|
| Wells Fargo Bank, N.A. | *********3250 | Operating Account |
| Wells Fargo Bank, N.A. | *********5726 | Operating Account |

## RELIEF REQUESTED

9. The Debtor respectfully requests the entry of an Order authorizing it to (i) maintain and use, without interruption, its Bank Accounts with the same account numbers and (ii) use its existing books, records, and business forms (collectively, the "Business Forms").

10. Pursuant to 28 U.S.C. § 586(a)(3) and the *Operating Guidelines and Financial Reporting Requirements Required in All Cases Under Chapter 11* (the "UST Guidelines") established by the Office of the United States Trustee, a debtor-in-possession is required to, among other things: (a) close all existing bank accounts and open new debtor-in-possession bank accounts; (b) establish one debtor-in-possession account for all estate monies required for payment of taxes including payroll taxes; (c) physically set aside all monies required by law to be withheld from employees or collected from others for taxes; (d) open a new set of books and records as of the commencement date of the case; (e) use new business forms indicating the debtor-in-possession status of the chapter 11 debtor; and (f) make all disbursements of estate funds by check with a notation representing the reason for the

disbursement.

11. These requirements are intended to provide a clear line of demarcation between pre-petition and post-petition transactions and operations and to prevent inadvertent payment of pre-petition claims. However, these requirements could cause substantial delay and disruption to the Debtor's business, the payment of its post-petition obligations and the conduct of its business. Payments are made from the Bank Accounts via check, wire and direct debit. The largest payments each month are to utility companies via wire transfer. Wiring templates and direct debit agreements are in place for the payments to utility companies as well as many other vendors and it would be disruptive to the Debtor's business to have to reset these up with a new banking arrangement. In addition, a vast majority of the payments made by the Debtor's customers are made via ACH.

12. In addition, no party-in-interest will be prejudiced or injured by the Debtor's maintenance of the Bank Accounts in the ordinary course of business. The Debtor strongly believes that if it was required to replace its existing Bank Accounts with new accounts as of the Petition Date pursuant to the UST Guidelines, such requirement would unnecessarily disrupt the Debtor's business and impair its efforts to preserve the value of its estate.

13. Courts have waived the UST Guidelines on the grounds they are impractical and potentially detrimental to a debtor's post-petition business operations and restructuring efforts. *See*, *e.g.*, *Turning Points for Children*, Case No. 24-11479(AMC) (Bankr. E.D. Pa. May 3, 2024); *In re New Way Machine Components, Inc.*, Case No. 24-11362(AMC) (Bankr. E.D. Pa. April 25, 2024); *In re Domus BWW Funding, LLC*, Case No. 22-11162(AMC) (Bankr. E.D. Pa. May 11, 2022); *In re Roosevelt Inn, LLC*, Case No. 21-11697(AMC) (Bankr. E.D. Pa. June 21, 2021); *In re Cooper-Booth Wholesale Company, L.P.,* Case No. 13-14519 (MDC)

(Bankr. E.D. Pa. May 23, 2013); *In re Pennfield Corporation,* Case No. 12-19430 (BIF) (Bankr. E.D. Pa. October 16, 2012); *In re The Philadelphia Orchestra Assoc.*, Case No. 11-13098 (ELF) (Bankr. E.D. Pa. April 20, 2011); *In re Lower Bucks Hospital*, Case No. 10-10239 (ELF) (Bankr. E.D. Pa. January 15, 2010); *In re Philadelphia Newspapers Inc.*, Case No. 09-11204 (SR) (Bankr. E.D. Pa. Feb. 22, 2009); *In re Wickes Holdings, LLC*, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); *In re Delta Fin. Corp.*, Case No. 0711880 (CSS) (Bankr. D. Del. Dec. 19, 2007); *In re Pope & Talbot, Inc.*, Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); *In re Tweeter Home Entm't Group, Inc.*, Case No. 0710787 (PJW) (Bankr. D. Del. Jun. 13, 2007).

14. The Debtor also submits that no party-in-interest will be prejudiced if the Debtor is authorized to continue to use its Business Forms substantially in the form existing immediately prior to the Petition Date.

15. Because parties doing business with the Debtor undoubtedly will be aware of the Debtor's status as a debtor-in-possession, changing business forms is unnecessary and unduly burdensome.

16. The Debtor submits that these efforts are prudent and sufficient to protect the interests of parties dealing with the Debtor on a post-petition basis, while avoiding unnecessary expense and administrative delays at this critical time.

17. Courts have allowed debtors to use their pre-petition business forms without the "debtor-in-possession" label. *See*, *e.g.*, *Turning Points for Children*, Case No. 24-11479(AMC) (Bankr. E.D. Pa. May 3, 2024); *In re New Way Machine Components, Inc.*, Case No. 24-11362(AMC) (Bankr. E.D. Pa. April 25, 2024); *In re Domus BWW Funding, LLC*, Case No. 22-11162(AMC) (Bankr. E.D. Pa. May 11, 2022); *In re Roosevelt Inn, LLC*, Case No. 21-

11697(AMC) (Bankr. E.D. Pa. June 21, 2021); *In re Cooper-Booth Wholesale Company, L.P.,* Case No. 13-14519 (MDC) (Bankr. E.D. Pa. May 23, 2013); *In re Pennfield Corporation,* Case No. 12-19430 (BIF) (Bankr. E.D. Pa. October 16, 2012); *In re The Philadelphia Orchestra Assoc.*, Case No. 11-13098 (ELF) (Bankr. E.D. Pa. April 20, 2011); *In re Lower Bucks Hospital*, Case No. 10-10239 (ELF) (Bankr. E.D. Pa. January 15, 2010); *In re Philadelphia Newspapers Inc.*, Case No. 0911204 (SR) (Bankr. E.D. Pa. Feb. 22, 2009); *In re Wickes Holdings, LLC*, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); *In re Delta Fin. Corp.*, Case No. 0711880 (CSS) (Bankr. D. Del. Dec. 19, 2007); *In re Pope & Talbot, Inc.*, Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); *In re Tweeter Home Entm't Group, Inc.*, Case No. 0710787 (PJW) (Bankr. D. Del. Jun. 13, 2007).

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order granting the relief requested herein and for such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ *Aris J. Karalis*
ARIS J. KARALIS
ROBERT W. SEITZER
ROBERT M. GREENBAUM
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
rseitzer@karalislaw.com
rgreenbaum@karalislaw.com

*Proposed Attorneys for the Debtor*

Dated: February 6, 2025